UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH (JOEY) LUZIER, III,

    Plaintiff,

v.

SERGEANT JOHN R. RUNYON,
*et ano.,*

    Defendants.

Case No. 5:25-cv-37-MW/MJF

### REPORT OF RULE 26 INITIAL CONFERENCE

Pursuant to Rule 26(f), Federal Rules of Civil Procedure, and this Court's Initial Scheduling Order, the parties' planning meeting was held beginning on April 4, 2025. Participating in the telephone conference were James Slater, counsel for the Plaintiff, and Brian Fallon, counsel for the Defendant Runyon. Defendant Shiver has not yet been served. The parties respectfully submit this joint report for the Court's consideration.

    1. **Magistrate Judge Jurisdiction**: The parties have conferred about magistrate judge jurisdiction over the case.

    2. **Claims, Defenses, & Principal Disputed Issues**: This case involves allegations that Defendants failed to protect Plaintiff, a state prisoner, at Apalachee

Correctional Institution. Plaintiff brings a single claim under the Eighth Amendment. The principle disputed factual and legal issues are:

    a.    Whether Defendants were aware of more than the mere possibility of serious harm to Plaintiff.

    b.    Whether, assuming such awareness, Defendants failed to protect Plaintiff from such known risks of serious harm.

    c.    Whether, assuming such awareness and failure to protect, were Defendants actions the cause of the constitutional deprivation.

    d.    Whether Defendants are entitled to qualified immunity.

    e.    The nature and extent of Plaintiff's damages, if any.

    f.    Whether Plaintiff exhausted their administrative remedies.

    3.    **Settlement and Mediation.** The parties believe settlement may be possible after the exchange of information during discovery and request a mediation date to be set after the Court rules on any motion for summary judgment.

    4.    **Amendment and Joinder.** The parties request that the deadline for amendment of the pleadings or the joinder of parties or claims be thirty (30) days prior to the close of discovery. Further amended pleadings and/or joinder of additional parties is not anticipated.

    5.    **Discovery requirements:** The parties jointly propose to the Court the following discovery plan:

  a.  The parties request a discovery deadline of October 31, 2025.

  b.  Initial Disclosures: The parties have stipulated to exchange the information required by Rule 26(a)(1), Federal Rules of Civil Procedure by May 2, 2025.

  c.  Expert Disclosures: The parties will exchange expert disclosures within the times set by the initial scheduling order.

  d.  The parties presently do not request any deviation from the Federal Rules of Civil Procedure regarding interrogatories, production requests, and requests for admission.

  e.  To facilitate the discovery needed on the Plaintiff's medical history and care by her medical providers, the plaintiff agrees to provide a copy of her medical records within her possession and will execute a HIPAA-compliant written release for each of their medical providers from whom they have received relevant medical care upon receipt of a mutually agreeable authorization from Defendant. The parties agree to entry of a HIPAA-compliant qualified protective order if necessary and submit same for the Court's consideration.

  f. Discovery will be needed on the following non-exclusive list of issues:

    (1) the circumstances surrounding the incident in question; and

(2) The plaintiff's medical history, treatment following the incident, and any future treatment.

(3) The parties agree that expert discovery will relate to any witness who will be used at trial to present evidence under Federal Rule of Evidence 702, 703, or 705; and, that written communications and drafts, including draft reports, in whatever form, protected by Rule 26(b)(4), Federal Rules of Civil Procedure, need not be logged on the parties' respective privilege logs.

    g.    The parties agree to service of discovery requests, responses, and production by electronic means, such as email or document transfer.

6.    **Electronic/computer-based media**:

    a.    The parties agree to the production of data reasonably available in the ordinary course of business.

    b.    The parties do not presently anticipate that data beyond that reasonably available in the course of business will be sought. The parties agree to the exchange of documents and information in ".pdf" format except as otherwise noted herein. To the extent possible, photographs and videotape, if any, shall be produced in its original format.

    c.    The parties agree that for discovery requests which potentially call for the production of emails, the requesting party will specify accounts to be

searched by name of the person (or category of persons), the date range, and the search terms to be used.

      d.      The parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

      e.      The parties agree that any inadvertent inclusion of any privileged material in a production response or a Rule 26 disclosure shall not result in the waiver of any associated privilege, nor result in a subject matter waiver of any kind. The parties agree to return any privileged material inadvertently disclosed immediately upon notice of the disclosure. Both parties agree that no copies of inadvertently disclosed materials will be retained following return to the disclosing or producing party. The parties agree, however, that the disclosure of any particular material shall cease to be "inadvertent" if, seven (7) days after the receiving party notifies the producing party that it has received what appears to be privileged material, the producing party does not request the return of the privileged matter.

      f.      The parties do not anticipate any particular issues regarding claims of privilege or protection as trial preparation materials at this time. Further, the parties agree that the work product of counsel, and correspondence directly to or from counsel, shall not require logging on the parties' respective privilege logs.

      **7.**      **Dispositive Motions**: The Parties request that the deadline to file

dispositive motions be changed to 30 days after the deadline to complete discovery.

8. **Trial Date**: The parties request the Court set a trial date in approximately April 2026.

9. **Other matters**: None.

10. **Manual for Complex Litigation**: The parties do not believe it appears that this case should be made subject to the Manual for Complex Litigation.

Dated: April 18, 2025

Respectfully submitted,

| | |
|---|---|
| /s/ James M. Slater | **JAMES UTHMEIER** |
| SLATER LEGAL PLLC | ATTORNEY GENERAL |
| James M. Slater (FBN 111779) | |
| 2296 Henderson Mill Rd NE #116 | /s/ Brian Fallon |
| Atlanta, Georgia 30345 | Brian R. Flynn-Fallon |
| Tel. (305) 523-9023 | Assistant Attorney General |
| james@slater.legal | Florida Bar No.: 1044316 |
| | Office of the Attorney General |
| *Attorneys for Plaintiff* | PL-01, The Capitol |
| | Civil Litigation Division – |
| | North Florida Bureau |
| | Tallahassee, Florida 32399 |
| | Telephone: (850) 414-3300 |
| | Facsimile: (850) 488-4872 |
| | Brian.Fallon@myfloridalegal.com |
| | *Counsel for Defendant* |