UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH (JOEY) LUZIER, III,

    Plaintiff,

v.

SERGEANT JOHN R. RUNYON,
et ano.,

    Defendants.

Case No. 5:25-cv-37-MW/MJF

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

    Defendant Runyon moves to dismiss Plaintiff's Complaint [ECF No. 1] on two bases. [ECF No. 10]. First, he claims that Plaintiff has failed to exhaust her administrative remedies because—while she complained and grieved about being stabbed and conditions related to it—she did not specifically name Defendants in those grievances. But the law is not so exacting. Second, he claims that Plaintiff's request for punitive damages should be stricken. But his arguments have been routinely rejected. The motion should be denied.

**FACTUAL BACKGROUND**

    At all times material to this action, Plaintiff Joey Luzier was an inmate in the custody and care of Florida Department of Corrections at its Apalachee Correctional Institution in Jackson County, Florida. Compl. ¶ 5. At Apalachee C.I.,

Plaintiff was placed in R Dormitory. *Id.* ¶ 9. Shortly after her arrival to the dormitory, other prisoners learned that Plaintiff was transgender and had been convicted of sex offenses. *Id.* A prisoner named Collies Robinson and his gang "brothers" in R Dormitory threatened Plaintiff, telling her that she "had to go" because of her gender identity and sex offenses. *Id.* ¶ 10.

Robinson and those gang members told Defendants that Defendants needed to remove Plaintiff from the dormitory or they would attack her. *Id.* ¶ 11. Plaintiff then asked Defendant Runyon to "check in" and Plaintiff explained that Robinson and others were threatening her with violence. *Id.* ¶ 12. Defendant Runyon told Plaintiff to "man up and accept what's coming to you" and that he would not do anything until something happened to Plaintiff. *Id.* Defendant Runyon then returned Plaintiff to the dormitory. *Id.*

A few days later, on February 2, 2022, while Plaintiff was returning from lunch to R Dormitory, Collies Robinson stabbed her in the face, shoulder and neck. *Id.* ¶ 13. As a result of the attack, Plaintiff suffered serious lacerations and injuries to the face, neck, and shoulder, resulting in permanent disfigurement to Plaintiff's face and smile. *Id.* ¶ 14. Plaintiff also began to experience mental injuries as a result of the stabbing. *Id.* She continues to suffer from these mental and physical injuries to this date. *Id.* Plaintiff seeks damages against Defendant Runyon for his failure to protect her under the Eighth Amendment.

## MEMORANDUM OF LAW

**I.   Plaintiff exhausted her administrative remedies.**

    **a. Runyon cannot meet his burden to demonstrate that Plaintiff has not exhausted her administrative remedies.**

To begin with, Runyon bears the burden of contradicting Plaintiff's allegation that she has satisfied the exhaustion requirements. *Turner v. Burnside*, 541 F. 3d 1077, 1082 (11th Cir. 2008). He cannot carry his burden.

Here, Runyon concedes that Plaintiff submitted grievances that referenced the February 2, 2022 stabbing at issue in the Complaint. [ECF No. 10 at 10]. Indeed, Plaintiff's formal grievance concerning the stabbing and safety concerns, was denied because the allegations were reported to the Office of the Inspector General [ECF No. 10-2 at 10–13 (Formal Grievance 2202-102-040)]. Such denial, as explained below, fulfils the requirements of the Prison Litigation Reform Act. Nevertheless, that denial was appealed (22-605982) to the Office of the Secretary, which returned it without action, as the request for protective management was pending review. Plaintiff filed two other appeals to the Office of the Secretary concerning the stabbing, one of which was returned without action as Plaintiff's request for protective management was pending review (22-604652) and the other, seeking charges against Plaintiff's assailant, among other things, was rejected (24-627477).

The denial of Plaintiff's initial formal grievance and his subsequent appeals satisfy the exhaustion requirement. That is because "[i]f a prisoner submits a grievance that does not comply with the grievance process because it is late, filed at the wrong step, or is otherwise infirm, but the grievance is processed and substantively addressed, prison officials may not later challenge exhaustion on those procedural grounds." *Miller v. Willis*, 2023 WL 2213515, at *2 (M.D. Fla. Feb. 24, 2023) (citing *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1215 (11th Cir. 2015) (agreeing with other circuits and holding "a procedural flaw ignored by a prison cannot later be resurrected . . . to defeat exhaustion")). In other words, in ruling on an exhaustion defense, a court may not enforce a procedural rule that prison officials themselves ignored when processing a grievance. *Id.* Because the formal grievance was denied and not returned, Runyon cannot claim the grievance was rejected. Further, as the denial states, Plaintiff's complaint was turned over to the Office of the Inspector General and her request for protection was to be addressed with her classification team. The same goes for Plaintiff's appeal from that denial. It was denied, and therefore exhausted.

Once Plaintiff's formal grievance was denied pending OIG review—without any instructions in the denial to seek further review on appeal— "Plaintiff was not required to pursue subsequent stages of the administrative grievance process or wait for the conclusion of the Inspector General's investigation." *Hardin v. Jones*,

2020 WL 325649, at *4 (M.D. Fla. Jan. 21, 2020) (denying a motion to dismiss for want of exhaustion); *see also Luckey v. May*, No. 5:14-cv-315-MW-GRJ, 2016 WL 1128426, at *11 (N.D. Fla. Feb. 17, 2016) (finding after the plaintiff filed emergency grievance and the emergency grievance was approved and referred to the Inspector General's Office for an investigation, the plaintiff was not required to wait until conclusion of investigation or seek an appeal before suing); *Lanier v. Smith*, 2009 WL 1758904, at *1 (M.D. Fla. June 19, 2009) (denying motion to dismiss for failure to exhaust, because the plaintiff's grievances were referred to the Inspector General's Office for review and consideration).

Indeed, Runyon does not appear to challenge the denials, nor could he. Instead, he claims that the content of the grievances is problematic. He's wrong.

### b. Plaintiff was not required to name Runyon in her grievances.

As to the substance of Plaintiff's grievances—which speak to the claims at issue in this lawsuit, specifically the stabbing that occurred on February 2, 2022—Runyon's arguments should be dismissed. That the grievances do not reference Runyon or other officers by name, the Eighth Amendment, or a "failure to protect" cause of action, is irrelevant. The Eleventh Circuit has not expressed or opined on Runyon's proposed requirement that he be named in Plaintiff's grievances to satisfy the PLRA. *Maldonado v. Unnamed Defendant*, 648 F. App'x 939, 26–27 (11th Cir. 2016) ("We have not addressed whether, to exhaust administrative

5

remedies for purposes of the PLRA, an inmate's administrative grievance must have alleged the specific legal theory he later pursues in a § 1983 action.").

 Instead, the exhaustion requirement "is satisfied as long as the inmate's grievance provides sufficient detail to allow prison officials to investigate the alleged incident." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 219, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). Further, when a prison's grievance procedure is silent about the level of factual specificity required—like here with the Florida Department of Corrections—, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Harvard v. Inch*, 411 F. Supp. 3d 1220, 1244 (N.D. Fla. 2019) (Walker, C.J.) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). "As in a pleading system, the grievant need not lay out facts, articulable legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Id.* (quoting *Strong*, 297 F.3d at 650); *see also Johnson v. Testman*, 380 F.3d 691, 697 (2d. Cir. 2004) ("Uncounseled inmates navigating prison administrative procedures without assistance cannot be expected to satisfy a standard more stringent than that of notice pleading."). Accordingly, the Court should deny Runyon's motion to dismiss.

## II. Runyon's argument on punitive damages should be rejected.

Finally, Runyon asks the Court to strike Plaintiff's claim for punitive damages as "prospective relief" that is not "narrowly drawn" under 18 U.S.C. §3626(a)(1)(A). But the Eleventh Circuit, contrary to Runyon's argument, has specifically interpreted 18 U.S.C. § 3626(a)(1)(A) as not barring punitive damages in a federal rights violation action. *Johnson v. Breeden*, 280 F.3d 1308, 1325-26 (11th Cir. 2002); *Hoever v. Marks*, 993 F.3d 1353, 1361 (11th Cir. 2021) (en banc) ("Congress simply did not choose to provide a restriction on punitive damages" in the PLRA context) (citation omitted).

Indeed, the argument that punitive damages should be stricken under the PLRA is not novel. The Florida Attorney General's Office has advanced this argument in countless cases. As Judge Bolitho recently noted, "even if the argument was properly raised in a motion to dismiss, it lacks merit for the reasons explained in multiple other opinions." *Smith v. Williams*, 2024 WL 4438320, at *5 (N.D. Fla. Sept. 9, 2024), R&R adopted, 2024 WL 4434798 (N.D. Fla. Oct. 7, 2024). And there is no dearth of decisional authority rejecting Runyon's argument. *See, e.g.*, *Bowden v. Cattnach*, 2023 WL 8261402, at *4 (N.D. Fla. Sept. 25, 2023), R&R adopted, 2023 WL 8257968 (N.D. Fla. Nov. 29, 2023) ("no countervailing authority to support [defendants'] interpretation of § 3626(a)(1)(A)"; "the Court finds that § 3626 does not impose a categorical prohibition on an award of punitive

7

damages"); *Santiago v. Lizenbee*, 2023 WL 7323137, at *3 (M.D. Fla. Nov. 7, 2023) ("the Court cannot disregard the Eleventh Circuit's long-standing recognition that punitive damages are available in prisoner civil rights actions."); *Wilson v. Ingram*, 2025 WL 1187188, at *6 (N.D. Fla. Mar. 25, 2025), R&R adopted, 2025 WL 1109020 (N.D. Fla. Apr. 14, 2025) (denying summary judgment on this issue); *Miller v. Willis*, 2024 WL 2815641, at *6 (M.D. Fla. June 3, 2024) (finding defendants' section 3626 punitive damages "argument unconvincing"); *Walker v. Bailey*, 2024 WL 3520868, at *9 (M.D. Fla. July 24, 2024), reconsideration denied, 2024 WL 4284978 (M.D. Fla. Sept. 25, 2024) ("The Court also finds persuasive other district court decisions explicitly finding that § 3626(a)(1)(A) does not preclude an award of punitive damages in prisoner civil cases."); *Burton v. Smith*, No. 3:23-CV-1195-BJD-SJH, 2024 WL 4881264, at *2 (M.D. Fla. Nov. 25, 2024) ("the Court cannot disregard the Eleventh Circuit's long-standing recognition that punitive damages are available in prisoner civil rights actions"); *Blake v. Ortega*, 2024 WL 2000107, at *4 (N.D. Fla. Mar. 18, 2024), R&R adopted, 2024 WL 1996014 (N.D. Fla. May 6, 2024) ("the current state of the law does not support the conclusion that section 3626 imposes a categorical prohibition on an award of punitive damages"); *Hart v. Lt. Hardbower*, 2024 WL 4497117, at *3 (N.D. Fla. Sept. 17, 2024), R&R adopted, 2024 WL 4495507 (N.D. Fla. Oct. 15, 2024) (same).

This Court should reject it too.

Further, even if the Court were inclined to agree with Runyon, his request is premature. Contrary to Runyon's position, a jury should be permitted to assess punitive damages in a section 1983 case when the Defendant's conduct involves reckless or callous indifference to the Plaintiff's federally protected rights, as well as when it is motivated by evil motive or intent. *Smith v. Wade*, 461 U.S. 30, 56 (1983). Given that Plaintiff has alleged conduct that, if proven, can satisfy an award of punitive damages—that Runyon was told to get Plaintiff out of the dorm or other prisoners would attack her days before she was stabbed—, the Court should dispense with Defendant's argument at this stage. Whether such punitive damages are "narrowly tailored" under the PLRA should be resolved at trial after liability is determined. *See, e.g., Key v. Kight*, 2017 WL 915133, at *8 (S.D. Ga. Mar. 8, 2017), R&R adopted, 2017 WL 1128601 (S.D. Ga. Mar. 24, 2017) (concluding that punitive damages were "prospective relief" under the PLRA and recommending an award of punitive damages in the amount of $25,000 on a motion for entry of default judgment); *Benton v. Rousseau*, 940 F. Supp. 2d 1370, 1379-80 (M.D. Fla. 2013) (finding prisoner was entitled to $15,000 in punitive damages for violations of his First and Fourteenth Amendment rights); *Pierre v. Johnson*, 2024 WL 4116530, at *2 (N.D. Fla. Aug. 22, 2024), R&R adopted, 2024 WL 4107478 (N.D. Fla. Sept. 6, 2024) (request at dismissal stage premature);

*Glick v. Corbin*, 2024 WL 4359920, at *12 (N.D. Fla. Aug. 7, 2024), R&R adopted, 2024 WL 4349998 (N.D. Fla. Sept. 30, 2024) ("it is unnecessary to determine the issue of punitive damages until liability is established").

## CONCLUSION

For all these reasons, the motion to dismiss should be denied.

Dated: May 2, 2025

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, Georgia 30345
Tel: (305) 523-9023
james@slater.legal

*Attorneys for Plaintiff Joey Luzier*

## Certification Pursuant to L.R. 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 2,200 words, inclusive of headings but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater