UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH (JOEY) LUZIER, III,

      Plaintiff,

v.

SERGEANT JOHN R. RUNYON,
et ano.,

      Defendants.

Case No. 5:25-cv-37-MW/MJF

### PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE DEFENDANT SARAH K. SHIVER

Plaintiff Joey Luzier files this motion for leave to extend the deadline to serve Defendant Sarah K. Shiver by sixty days. The undersigned has conferred with counsel for Defendant John Runyon, the only appearing defendant, who indicated he takes no position on the relief requested. As grounds, Plaintiff states:

1.     On February 20, 2025, Plaintiff filed this lawsuit against two Florida Department of Corrections (FDOC) officers—Officers Runyon and Shiver—for their alleged failure protect Plaintiff from serious harm under the Eighth Amendment. [*See* ECF No. 1].

2.     Defendant Runyon was served at FDOC headquarters and has appeared in this case. [ECF No. 3].

3.      To date, however, Plaintiff has been unable to serve Defendant Shiver.

4.      Plaintiff, through counsel, obtained an address for Defendant Shiver in Marianna, Florida, and attempted to serve her there on March 7 and 18, 2025. *See* attached Return of Non-Service, attached as **Exhibit 1**.

5.      After two failed attempts, Plaintiff, through counsel, learned through Jackson County, Florida court records that Defendant Shiver was the subject of an eviction proceeding from that same address[1] in Marianna, Florida, which was filed in January 2025. That matter is set for a hearing on lack of prosecution later this month and the docket reflects that mail to Defendant Shiver was returned. *See* Docket Report and Summons, attached as **Exhibit 2**.

6.      Plaintiff hopes that Defendant Shiver will be served shortly, but given that she may be transient given these eviction proceedings, Plaintiff requests additional time to server her.

7.      The deadline to serve her under Rule 4(m) expires on May 21, 2025. Plaintiff would ask for an additional sixty days, through July 21, 2025, to effectuate service.

---

[1] Even though Defendant Shiver's address is filed publicly in the eviction proceeding, because Defendant Shiver was a sworn FDOC officer, the undersigned has redacted it here. If requested by the Court, the undersigned will provide it, and the undersigned represents, under Rule 11, that the addresses redacted for service in Exhibit 1 and the eviction proceeding in Exhibit 2 are the same.

**<u>Memorandum of Law</u>**

Rule 4(m) necessitates service of a summons and complaint within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). Failure to comply with Rule 4(m) can lead to dismissal of a case or party without prejudice.

To avoid dismissal, a plaintiff may request an extension of time for service upon a showing of good cause. *See id.* Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir. 1991)). However, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle And Co*., 402 F.3d 1129, 1132 (11th Cir. 2005). An extension of time for service may be justified "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory cmte. note 1993 Amendments; *see also Horenkamp.*, 402 F.3d at 1133. These factors are not exhaustive. *Lepone-Dempsey*, 476 F.3d at 1281.

Here, Plaintiff has demonstrated good cause. He promptly sought to serve Defendant Shiver at her home, however, she was subjected to eviction proceedings

3

and appears not to be residing at the address on file anymore. Plaintiff is continuing efforts to locate her.

## Conclusion

Because the eviction proceedings directly affected Plaintiff's ability to serve Defendant Shiver, through no fault of Plaintiff, the Court should grant this motion. Accordingly, Plaintiff seeks an additional sixty days, through July 21, 2025, to serve Defendant Shiver.

Dated: May 5, 2025

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, Georgia 30345
Tel: (305) 523-9023
james@slater.legal

*Attorneys for Plaintiff Joey Luzier*

## Certificate of Good-Faith Conference

I hereby certify pursuant to Local Rule 7.1(B) that I have conferred in good faith with counsel for Defendant Runyon. He takes no position on this motion.

By: */s/ James M. Slater*
James M. Slater

4

## Certification Pursuant to L.R. 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 750 words, inclusive of headings but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater