**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**JOSEPH (JOEY) LUZIER, III,**

    *Plaintiff*,

**v.**                                                      **Case No.:  5:25cv37-MW/MJF**

**SERGEANT JOHN R. RUNYON,
and OFFICER SARAH K. SHIVER,**

    *Defendants*.

_____/

## ORDER GRANTING MOTION TO DISMISS

This Court has reviewed, without hearing, Defendant Runyon's motion to dismiss, ECF No. 10, and Plaintiff's response, ECF No. 11. For the following reasons, Defendant's motion, ECF No. 10, is **GRANTED**.

In deciding Defendant Runyon's motion to dismiss, this Court accepts Plaintiff's factual allegations as true and construes them in the light most favorable to Plaintiff. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). This is a failure to protect case against two correctional officers whose alleged failure to protect Plaintiff led to her being stabbed by a fellow inmate. Plaintiff, a transgender inmate in Florida Department of Correction ("FDC") custody, was housed in FDC's Apalachee Correctional Institution located in Jackson County, Florida ("Apalachee C.I."), beginning in early 2022. ECF No. 1 ¶¶ 5, 8. Defendants Runyon and Shiver

were employed as correctional officers at Apalachee C.I. *Id.* ¶¶ 6–7. While Plaintiff

was at Apalachee C.I., an inmate named Collies Robinson and his gang "brothers"

threatened Plaintiff after they learned of her gender identity and prior sex offenses.

*Id.* ¶¶ 9–10. Robinson and his "brothers" informed both Defendants that they would

attack Plaintiff if she was not moved to a different dormitory. *Id.* ¶ 11. Plaintiff

informed Defendant Runyon that Robinson and other prisoners were threatening her

and asked to be moved to a protection unit within the prison. *Id.* ¶ 12. But Defendant

Runyon brushed Plaintiff off, told her to "man up and accept what's coming to you,"

and refused to act until something happened to Plaintiff *Id*. A few days later when

Plaintiff was returning from lunch to her dormitory, Robinson stabbed her several

times in the face, shoulder, and neck. *Id.* ¶ 13. Plaintiff now sues Defendants Runyon

and Shiver for damages under 42 U.S.C. § 1983 for their failure to protect her in

violation of her civil rights under the Eighth Amendment. *Id.* ¶¶ 15–16.

Defendant Runyon asserts that this Court should dismiss Plaintiff's failure to

protect claim because Plaintiff has failed to exhaust her available administrative

remedies for that claim as is required by the Prison Litigation Reform Act, 42 U.S.C.

§ 1997e ("PLRA"). ECF No. 10 at 1, 10. Defendant Runyon argues that Plaintiff's

denied grievance and appeal was insufficient to place FDC on notice of her failure

to protect claim. *Id.* at 10, 16. Plaintiff responds that her denied grievance and appeal

sufficiently placed FDC on notice of her failure to protect claim against Defendants.

*Id.* at 5–6. As such, this Court's ruling turns on whether the content of Plaintiff's grievances and appeals satisfy the PLRA's exhaustion requirement.

## I

The failure to exhaust administrative remedies under the PLRA is an affirmative defense, and inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock,* 549 U.S. 199, 216 (2007). The PLRA requires an inmate to exhaust his administrative remedies for his claim before bringing it to court. *Id.* at 211. Importantly, "it is the prison's requirements, and not the PLRA, that defines the boundaries of proper exhaustion." *Harvard v. Inch*, 411 F. Supp. 3d 1220, 1243 (N.D. Fla. 2019) (citing *Jones*, 549 U.S. at 219).

Relevant here is FDC's grievance procedure set forth in Chapter 33-103 of the Florida Administrative Code, which provides a three-tier system for exhaustion. Generally, inmates begin the grievance process by submitting an informal grievance. Fla. Admin. Code R. 33-103.005. If the inmate is dissatisfied with FDC's response to his informal grievance, the inmate then may submit a formal grievance at the institutional level within fifteen days of receiving FDC's response to his informal grievance. Fla. Admin. Code R. 33-103.006(1), 33-103.011(b). In some circumstances, the inmate may skip filing an informal grievance and directly proceed to file a formal grievance. Fla. Admin. Code R. 33-103.006(3). If the inmate is dissatisfied with FDC's response to his formal grievance, he may then file an appeal

with the Office of the Secretary within fifteen days of receiving FDC's response to his formal grievance. Fla. Admin. Code R. 33-103.007(1), 33-103.011(c).

As to the level of factual specificity FDC requires in grievances and appeals, the only relevant requirements are that the "inmate shall ensure that the form is legible, that included facts are accurately stated, and that only one issue or complaint is addressed." *Harvard*, 411 F. Supp. 3d at 1244; Fla. Admin. Code R. 33-103.005(2)(b)2., 33-103.006(2)(d)–(f), 33.103.007(4)(d)–(f). By its own terms then, FDC's grievance procedure "mandates no level of detail at all, requiring only that whatever facts are stated must be true." *Goldsmith v. White*, 357 F. Supp. 2d 1336, 1339 (N.D. Fla. 2005). Because the purpose of the PLRA is "is to put [the administrative authority] on notice of all of the issues in contention and allow the [authority] an opportunity to investigate those issues," absent stringent requirements in FDC's rules, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought," and a standard akin to notice pleading is appropriate when determining whether a plaintiff's grievance contains sufficient details to exhaust her administrative remedies for her claim. *Harvard*, 411 F. Supp. 3d at 1244 (N.D. Fla. 2019) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004) and *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). "As in a pleading system, the grievant need not lay out facts, articulable legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming."

*Id.* (citing *Strong*, 297 F.3d at 650).[1] Further, an inmate need not name any particular

defendant in a grievance in order to properly exhaust her claim against that

defendant. *Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir.

2010) (citations omitted). Still, at the bare minimum, an inmate must provide enough

information about the conduct she complains of as to allow prison officials to take

appropriate responsive measures. *Maldonado v. Unnamed Defendant*, 648 F. App'x

939, 953 (11th Cir. 2016); *see Goldsmith*, 357 F. Supp. 2d at 1339–41.

This Court follows a two-step process when determining if an inmate has

exhausted her administrative remedies under the PLRA for her claim. *Turner v.*

*Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). First, this Court "looks to the factual

allegations in the defendant's motion to dismiss and those in the plaintiff's response,

and if they conflict, takes the plaintiff's version of the facts as true. If, in that light,

the defendant is entitled to have the complaint dismissed for failure to exhaust

---

[1] Defendant Runyon cites *Brown v. Sikes*, 212 F.3d 1205, 1210 (11th Cir. 2000) for the proposition that the PLRA requires an inmate to provide "as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner can reasonably provide" in a grievance. ECF No. 10 at 5. However, as this Court has explained before, "*Brown* dealt with the effect of omitting *unknown* information—not how much of the *known* information must be provided" and applying the rule Defendant Runyon pushes for would create an unworkable system requiring fact-intensive litigation regarding exhaustion at the outset of every prisoner case. *Harvard*, 411 F. Supp. 3d at 1243–44 (citing *Goldsmith*, 357 F. Supp. 2d at 1339–40). Additionally, *Jones*, decided after *Brown*, requires this Court to look at the prison's procedures to determine what steps are required to exhaust. *Id.* (citing *Jones*, 549 U.S. at 219). Therefore, FDC's rules regarding exhaustion govern this Court's analysis. As this Court has previously said, if FDC "wanted this level of detail" that Defendant Runyon claims applies, "it could so provide in its regulation." *Id.* (citing *Goldsmith*, 357 F. Supp. 2d at 1340).

administrative remedies, it must be dismissed." *Id.* But "[i]f the complaint is not subject to dismissal at the first step," this Court proceeds to the second step and "make[s] specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* In the second step of the inquiry, the "defendant[] bear[s] the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.*

## II

This Court begins by comparing the allegations in Defendant Runyon's motion to dismiss, ECF No. 10, to the allegations in Plaintiff's response, ECF No. 11. Both parties agree that Plaintiff submitted numerous grievances and appeals regarding the stabbing incident and related safety concerns. ECF No. 10 at 10; ECF No. 11 at 3. Both parties acknowledge that one of Plaintiff's grievances, log number 2202-102-040, was denied, and the appeal of that grievance, log number 22-6-05982, was also denied. ECF No. 10 at 10, 12, 15; ECF No. 11 at 3.[2] But Defendant

---

[2] According to Defendant Runyon, Plaintiff submitted multiple grievances and appeals regarding the stabbing incident that were returned without action for procedural deficiencies. Plaintiff does not argue that these grievances or appeals could satisfy the PLRA's exhaustion requirement, and rightly so, because this Court cannot consider those grievances and appeals returned without action for procedural deficiencies because they do not count towards the PLRA's exhaustion requirements. *Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015) ("The PLRA requires 'proper exhaustion' that complies with the 'critical procedural rules' governing the grievance process.") (citing *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)); *see Pavao v. Sims*, 679 F. App'x 819, 825 (11th Cir. 2017) (concluding that the plaintiff's "efforts were not sufficient to exhaust because he did not comply with the critical procedural rules governing the [FDC's] grievance process" given that his grievances were returned without action for failure to comply with FDC's procedural rules) (internal citations and quotations omitted); *see also Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) ("We agree with those circuits that have

Runyon contends that Plaintiff's denied grievance and appeal were insufficient to put FDC on notice of her failure to protect claim because neither her grievance nor her appeal mentioned that any correctional officers behaved improperly. ECF No. 10 at 10, 16.  Plaintiff responds that her denied grievance and appeal raised safety issues related to the stabbing sufficient to place FDC on notice of her failure to protect claim, though she admits that her denied grievance and appeal do not reference any officers by name, specify that her Eighth Amendment rights were violated, or raise a failure to protect legal theory. ECF No. 11 at 3. But because Plaintiff's grievance needed to only contain enough detail to allow FDC to investigate the issue she raises in her claim, these omissions are not fatal to Plaintiff's grievance. *See Parzyck*, 627 F.3d at 1218 (11th Cir. 2010) ("A prisoner need not name any particular defendant in a grievance in order to properly exhaust his claim."); *Maldonado*, 648 F. App'x at 953 ("We have not addressed whether, to exhaust administrative remedies for purposes of the PLRA, an inmate's administrative grievance must have alleged the specific legal theory he later pursues in a § 1983 action. The exhaustion requirement, allowing prison officials to address

---

concluded that an untimely grievance does not satisfy the exhaustion requirement of the PLRA."). Plaintiff also does not argue that FDC decided her returned grievances and appeals on the merits. *Whatley v. Warden, Ware State Prison,* 802 F.3d 1205, 1215 (11th Cir. 2015) ("We hold that a prisoner has exhausted his administrative remedies when prison officials decide a procedurally flawed grievance on the merits. In other words, we hold that district courts may not enforce a prison's procedural rule to find a lack of exhaustion after the prison itself declined to enforce the rule.").

7

complaints in the first instance, is satisfied as long as the inmate's grievance provides

sufficient detail to allow prison officials to investigate the alleged incident."). Taking

Plaintiff's allegations as true on to these conflicting points, Defendant Runyon is not

entitled to have the amended complaint dismissed for a failure to exhaust

administrative remedies at step one of the analysis.

Turning now to step two of the analysis, this Court must make specific

findings as to whether Plaintiff has exhausted her administrative remedies and may

consider facts outside of the pleadings to resolve factual disputes so long as the

disputes do not decide the merits and the parties have been given sufficient

opportunity to develop a record. *Harvard*, 411 F. Supp. 3d at 1243; *Bryant v.Rich*,

530 F.2d 1368, 1376 (11th Cir. 2008). Because determining whether Plaintiff has

exhausted her administrative remedies does not go to the merits of her claim and

because the parties have been given sufficient opportunity to develop a record,[3] this

Court may consider facts outside of the pleadings to resolve the disputed issue of

---

[3] Defendant Runyon attached to his motion to dismiss two exhibits containing two
declarations from FDC personnel; charts containing all of Plaintiff's activity regarding informal
grievances, formal grievances, and appeals; Plaintiff's submitted informal grievances, formal
grievances, and appeals referencing the stabbing incident; and the FDC's responses to those
grievances and appeals referencing the stabbing incident. ECF No. 10-1; ECF No. 10-2. Plaintiff
did not attach any exhibits to her response but references the formal grievances, appeals, and
FDC's responses provided by Defendant Runyon when making her arguments. ECF No. 11 at 3–
4.

whether Plaintiff's grievances and appeals were sufficient to place FDC on notice of

her failure to protect claim against Defendants. *Harvard*, 411 F. Supp. 3d at 1243. [4]

Defendant Runyon bears the burden of showing that Plaintiff has failed to

exhaust her administrative remedies. *Turner*, 541 F.3d at 1082. He argues that

Plaintiff's grievances and appeals only raise issues about insufficient staffing,

camera placement, security deficiencies with tablets, and general security concerns,

but never mention the conduct of any FDC officer. ECF No. 10 at 16. He attaches

several of Plaintiff's grievances, appeals, and FDC's responses to those grievances

and appeals to his motion to dismiss to show the alleged omission. ECF No. 10-1;

ECF No. 10-2. Of the grievances and appeals that Defendant Runyon provided, this

---

[4] In his motion to dismiss, Defendant Runyon briefly mentions that Florida Administrative Code Rule 33-1-3.007(8) provides an additional level of procedure required for exhaustion but does not argue whether or how this Rule applies to Plaintiff's denied grievance and appeal. ECF No. 10 at 8–9. To the extent that Defendant Runyon is claiming that this Rule required Plaintiff to undergo an additional level of review to exhaust her administrative remedies for her denied grievance and appeal, he is mistaken. Florida Administrative Code Rule 33-103.007(8) provides that "[i]f [an inmate's] grievance or appeal is returned to the institution or facility for further investigation or response, the inmate may, following receipt of that response, re-file with the Office of the Secretary pursuant to rule 33-103.007, F.A.C., if he is not satisfied with the response." Fla. Admin. Code R. 33-103.007(8). But FDC denied both Plaintiff's formal grievance, log number 2202-102-040, and her appeal of the denial of that grievance, log number 22-6-05982. ECF No. 10-1 at 38; ECF No. 10-2 at 13. Nowhere in its denial of Plaintiff's grievance or appeal does FDC indicate that it is returning or approving Plaintiff's grievance or appeal for further investigation, nor does FDC indicate that it is providing Plaintiff with a corrected formal response. *See* ECF No. 10-1 at 38; ECF No. 10-2 at 13. At most, the denial of grievance log number 2202-102-040 states that a reason for the denial of the grievance was that "[Plaintiff's stabbing] has been appropriately reported to the Office of Inspector General," but not that the grievance was returned without action or approved because the Office of the Inspector General was investigating the underlying incident. ECF No. 10-1 at 38. In short, the alleged additional procedures required by Rule 33-1-3.007(8) do not apply here.

Court may only consider the grievances and appeals that the FDC substantively

responded to because grievances and appeals returned without action for procedural

noncompliance do not count towards the PLRA's exhaustion requirement.[5]

Accordingly, this Court analyzes Plaintiff's formal grievance that FDC considered

and denied, formal grievance log number 2202-102-04, and Plaintiff's appeal that

FDC considered and denied, appeal log number 22-6-05982. ECF No. 10-1 at 37–

38; ECF No. 10-2 at 10,14.

> In formal grievance log number 2202-102-040, Plaintiff claims that:
>
> This formal grievance is being filed due to me being stabbed on February 2nd, 2022 due to the lack of supervision by security which is a result of the severe shortage of staff and lack of proper security measures (i.e. metal detectors and proper video surveillance) here at Apalachee Correctional Institution. If Apalachee Correctional Institution was properly staffed and proper safety and security measures were implicated and enforced to detect inmates that may be carrying weapons on them, I and several other inmates may have not been stabbed. It was brought to my attention by administration that the area of the compound where I was stabbed is a "blind spot" to video surveillance and was not captured on video.

ECF No. 10-1 at 37. Plaintiff goes on to report how the stabbing affected her, and

requests that she be permitted to file criminal charges against her assailant, receive

a mental health evaluation, be transferred to a protective management unit, that FDC

cover her medical and dental treatment, and that cameras and metal detectors be

---

[5] *See supra* note 2.

installed at the location where she was stabbed. *Id.* Plaintiff then appealed the denial

of that grievance in appeal log number 22-6-05982, and states in pertinent part:

> This is an appeal to formal grievance log number 2202-102-040. In my initial grievance (see "Exhibit A") I raised the issue that due to the severe shortage of staff here at the institution and lack of proper security measures (i.e. metal detectors and proper video surveillance), I was stabbed on February 2nd, 2022. In the response (Exhibit B), Assistant Warden Kent and Warden Maddox fail to address the shortage of staff and lack of proper metal detectors and proper safety and security measures not being enforced[,] being the blame for me being stabbed. . . . Stabbings at this institution are almost a daily occurrence due to the lack of safety and security measures and the lack of proper staffing.

ECF No. 10-2 at 10. Plaintiff goes on to request a response from the Secretary,

compensation for her injury, that FDC address the issues she raised, that she receive

a response acknowledging that she was stabbed, and that her grievance be approved.

*Id.*

But nowhere in her grievance or appeal does Plaintiff mention the conduct of

FDC's correctional officers.  Resultantly, this Court finds that Plaintiff's grievance

and appeal were insufficient to place FDC on notice of Defendant Runyon's alleged

conduct as would be required for Plaintiff to exhaust her administrative remedies for

her failure to protect claim against him. Though FDC's grievance procedure does

not require any level of factual specificity, the PLRA still requires that an inmate

provide information about the conduct she complains of so that the prison will be

aware of the nature of the wrong that she is seeking redress for. *See Harvard*, 411 F.

Supp. 3d at 1244. While Plaintiff does complain of a lack of proper security

measures in a general sense, this is too vague to give FDC any reason to believe that its correctional officers may have acted inappropriately regarding the incident. Plaintiff's only complaint that might have alerted FDC about an issue with its staff was her mention of lack of proper staffing, but this is also too vague to indicate that any present FDC staff or correctional officers acted improperly.

Ultimately, Plaintiff's concerns in her grievance and appeal relate to FDC's institutional behavior and control mechanisms, rather than any individual employee misconduct. While Plaintiff is correct that she did not need to name Defendants Runyon and Shiver, specially invoke the Eighth Amendment, or specifically use the words "failure to protect" in her grievance to satisfy the notice pleading standard for her failure to protect claim against Defendants, her grievance and appeal are completely silent as to any FDC officers' misconduct and thus fall short of the PLRA's minimum requirements. As a result, Plaintiff's failure to protect claim against Defendant Runyon must be dismissed because she failed to exhaust her administrative remedies for her claim. Because this Court dismisses Plaintiff's claim for failure to exhaust administrative remedies, it does not address Defendant Runyon's request to strike Plaintiff's request for punitive damages.

Accordingly,

**IT IS ORDERED:**

1. Defendant Runyon's motion to dismiss, ECF No. 10, is **GRANTED.**

12

2. Defendant Runyon's alternative request for relief is **DENIED as moot.**

3. Plaintiff's failure to protect claim against Defendant Runyon is **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).[6]

**SO ORDERED on May 22, 2025.**

s/Mark E. Walker
**Chief United States District Judge**

---

[6] Plaintiff's claim against Defendant Shiver remains pending. Defendant Shiver has not yet been served and Plaintiff has been given until July 21, 2025 to serve Defendant Shiver. *See* ECF No. 12; ECF No. 13.